# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, PENLAND, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist GREGORY G. DIXON**
**United States Army, Appellant**

ARMY 20140619

Headquarters, III Corps and Fort Hood
Wade N. Faulkner, Military Judge
Colonel Tania M. Martin, Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major Christopher D. Coleman, JA; Captain Jennifer K. Beerman, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major John K. Choike, JA; Captain Scott L. Goble, JA (on brief).

23 May 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a special court-martial found appellant guilty, contrary to his pleas, of two specifications of abusive sexual contact,[1] one specification of disorderly conduct, one specification of wrongfully communicating a threat, and one specification of unlawful entry, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934 [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for fifteen days, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

---

[1] Appellant was arraigned on three specifications of abusive sexual contact. Prior to announcing findings, the military judge sua sponte found two of the specifications to be unreasonably multiplied and merged these two of the specifications into one. Thus, original Specifications 1 and 2 of Charge I were renumbered into Specification 1, and original Specification 3 of Charge I was renumbered into Specification 2 of that charge.

This case was referred to us for review under Article 66(b), UCMJ. Appellant raises two assignments of error, one of which merits discussion and relief. Appellant personally raises several matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), one of which merits discussion but no relief.

## BACKGROUND

Specialist (SPC) PK arrived at Fort Hood in January 2014 where she briefly worked with appellant. Appellant and SPC PK lived in the barracks and across the hall from each other. On 31 January 2014, SPC PK was getting ready to go out with a friend. Appellant, who was drunk, knocked on SPC PK's door. Specialist PK answered the door and appellant entered the room and began apologizing for some things he had said and done at work. Appellant then tried to hug SPC PK who backed away. Appellant then grabbed SPC PK and hugged her. While hugging her, appellant's hand "brush[ed]" her breast and he placed his head on her left breast. Appellant then "invited himself" to join SPC PK for the evening and left the room so he could change his clothes.

After changing, appellant again knocked on SPC PK's door. Specialist PK initially ignored the knocking, but cracked open the door as the knocking grew louder. Appellant then forced the door open and entered the room. Appellant again apologized for being rude at work and asked to hug SPC PK again. Specialist PK told him no, told him to stop, and put out her hand in front of her. Appellant grabbed SPC PK around the waist and pulled her in and placed his face on her chest again. While his head was on her chest, appellant rubbed her back with his hand. Specialist PK pushed appellant off. Appellant yelled at SPC PK but then left the room.

Appellant then began knocking on the door a third time. Specialist PK asked appellant to leave her alone. Appellant began yelling and "ordering" her to open the door. When SPC PK still did not open the door, appellant told SPC PK that he hated her and threatened to kill her. Specialist PK called 911.

While SPC PK waited for the police, appellant alternately yelled at her and knocked on the door. For unclear reasons, he also slid five twenty-dollar bills under the door. When the military police arrived, they found appellant kicking SPC PK's door.

## DISCUSSION

### A. *Factual Sufficiency of Abusive Sexual Contact Offenses*

In his first assignment of error, appellant alleges that the evidence is factually insufficient to sustain his convictions for abusive sexual contact. We agree in part.

> [A] Court of Criminal Appeals is required to conduct a *de novo* review of the entire record of a trial, which includes the evidence presented by the parties and the findings of guilt. Such a review involves a fresh, impartial look at the evidence, giving no deference to the decision of the trial court on factual sufficiency beyond the admonition in Article 66(c), UCMJ, to take into account the fact that the trial court saw and heard the witnesses.

*United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002)

Specification 1 of Charge I alleged that appellant committed abusive sexual contact when he "touched [SPC PK's] breast with an intent to abuse, humiliate, and degrade [SPC PK], and to arouse and gratify his sexual desire, and grab her around her waist with his hand, with an intent to arouse and gratify his sexual desire . . . ."

In our review of the record, we find factually sufficient evidence that appellant touched SPC PK's breast with an intent to arouse and gratify his sexual desire.

We do not, however, find factually sufficient evidence to support that part of the specification that alleges appellant: a) touched SPC PK's breast with an intent to abuse, humiliate or degrade SPC PK; or b) grabbed SPC PK's waist with his hand with an intent to gratify his sexual desire. Accordingly, we will provide relief in our decretal paragraph.

Specification 2 of Charge I alleged that appellant committed abusive sexual contact when he "grabb[ed] [SPC PK] around her lower back with his hand, with an intent to arouse and gratify his sexual desire, thereby causing bodily harm to [SPC PK]." In our review of the record we find insufficient facts to support the allegation that appellant acted with the required sexual intent, and he is therefore guilty only of the lesser-included offense of assault consummated by a battery. Accordingly, we will provide relief in our decretal paragraph.

### B. Government's Closing Argument

Appellant, a married African-American adult of 27 years, raises a complaint under *Grostefon* which merits discussion. He asserts government counsel referred to him in a racially offensive manner by calling him "boy" twice. Specifically, appellant characterizes as racial epithets government counsel's remark in closing, "This old boy was 'Courtin' n Sparkin'.'" (quotations in original), and subsequent argument in rebuttal, "And they keep harping on the fact that he's not a big-ole boy."

3

We have carefully considered the context surrounding counsel's use of the word, "boy," noting our nation's highest court's view thereof: "Although it is true the disputed word will not always be evidence of racial animus, it does not follow that the term, standing alone, is always benign. The speaker's meaning may depend on various factors including context, inflection, tone of voice, local custom, and historical usage." *Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 456 (2006). In this case, appellant was elsewhere described as acting as if he had an immature crush on SPC PK, and we are confident in concluding that this—rather than "racial animus"—was the backdrop for the comments.[2]

Notwithstanding this judgment and our associated conclusion that appellant has not demonstrated plain error, we invite counsel to more deliberately choose their words.

**CONCLUSION**

With regards to Specification 1 of Charge I, we AFFIRM only so much of the specification as follows:

> In that Specialist Gregory G. Dixon, U.S. Army, did at or near Fort Hood, Texas, on or about 31 January 2014, commit sexual contact upon [SPC PK], to wit: touched [SPC PK's] breast with an intent to arouse and gratify his sexual desire, thereby causing bodily harm to [SPC PK].

With regards to Specification 2 of Charge I, we AFFIRM only so much of the finding of guilty as finds that the appellant did:

> at or near Fort Hood, Texas, on or about 31 January 2014, commit a battery upon SPC PK, to wit: grab her around her lower back with his hand, thereby causing bodily harm to SPC PK, in violation of Article 128, UCMJ.

The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence and do so after a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). The nature of the remaining offenses still captures the gravamen of the original offenses. We are confident that based on the entire record and appellant's course of conduct, the military judge still would have imposed a sentence of at least that

---

[2] We also note that there was no objection to the trial counsel's argument.

DIXON—ARMY 20140619

which was adjudged.  As we find that sentence appropriate, the approved sentence is AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court